### HARRY SANDEL V. THE STATE.

No. 10869.   Delivered June 22, 1927.

Rehearing denied October 12, 1927.

**1.—Burglary—Ownership of Premises—Rule Stated.**

In an indictment for burglary, the ownership of the premises may be alleged in the person having the actual care, control, and management of the house alleged to have been burglarized, and it is not necessary to allege the name of the owner.

**2.—Same—Evidence—Harmless Error.**

While it was not necessary for the state to prove that the ownership of the house burglarized and the goods taken therefrom was in the heirs of a deceased owner, this proof could not have injured appellant in any manner, and if erroneously admitted, it was harmless. See Vernon's P. C., Art. 1390, Note 11 and Branch's P. C., page 1271, Sec. 2324.

ON REHEARING.

**3.—Same—No Error Shown.**

On rehearing we discover no error committed in the disposition of the case, as is set forth in our original opinion, and the motion will be overruled.

Appeal from the District Court of Walker County. Tried below before the Hon. Carl T. Harper, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

*M. E. Gates* and *R. T. Burns* of Huntsville, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted for the offense of burglary and sentenced to two years in the penitentiary.

The uncontradicted evidence shows that on or about January 30, 1926, appellant and the accomplice witness, Monroe Craft, broke into and entered the store occupied and controlled by W. T. Taylor, and took therefrom various and sundry articles of merchandise. The sheriff afterwards recovered most of said articles from the possession of the appellant, same having been pointed out to the sheriff by appellant on his premises.

There are in the record for our consideration but two bills of exception. Bill of exception No. 2 complains that the state, over appellant's objection, was permitted to prove by the prosecuting witness, W. T. Taylor, that he was acting in the capacity of administrator of the estate of his deceased sister, Mrs. R. M. Pace, and that in said capacity he had the possession of the house which is alleged to have been burglarized. Appellant objected to this testimony because the indictment did not allege that Taylor was holding possession as administrator, but that it alleged he was the owner of said building. We are unable to agree with appellant's contention. It has been frequently held that ownership may be alleged in the person having actual care, control, and management of the house alleged to have been burglarized, and it is not necessary to allege in whom the title is. The capacity in which the said Taylor controlled the house is immaterial, inasmuch as it was proved that he had the actual care, custody, and control thereof. This was all that was necessary.

Appellant's bill of exception No. 3 complains that the state, over his objection, was permitted to prove by the prosecuting witness, W. T. Taylor, that Taylor's sister, Mrs. Pace, had made a will and had willed the property to the different heirs and that the will had been probated before the burglary and that the title

to the respective goods had passed to the respective heirs, but that Taylor was administrator of the estate. This testimony was objected to because, if there was a will, the will itself was the best evidence, and that secondary evidence of the contents of the will was not admissible unless the will had been destroyed or misplaced. We are unable to agree with this contention. It was only necessary that the indictment allege that the house was occupied and controlled by W. T. Taylor. The state alleged and proved this. The evidence complained of, while foreign to the question at issue, could not have injured the appellant in any manner. Vernon's P. C., Art. 1390, Note 11; Branch's P. C., page 1271, Sec. 2324.

There being in the record no objection to the court's charge, it is presumed the learned trial judge properly charged the law. The facts being amply sufficient to support the verdict, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The only two matters complained of by bills of exception are correctly decided in our original opinion. It is contended in the motion for rehearing that if the appellant was carried to his premises while under arrest and was induced to point out the whereabouts of the stolen property, such evidence would be inadmissible. In order to bring such a complaint properly before us, an objection should have been made at the time, and same shown and supported in a proper bill of exceptions. Not only in the testimony of the accomplice but also in the confession of the appellant does it appear that subsequent to the first burglary appellant and the accomplice went again to the alleged burglarized premises which were then re-entered by them by force. It thus appears that the burglary at night as well as in the daytime was by the use of force to the building.

There being nothing in the complaints made, the motion for rehearing will be overruled.

*Overruled.*